Barnard; P. J.
The case shows that one John Ceils held a policy of insurance, payable to his wife, the plaintiff, if he should die in ten years from its *923 date, and to himself after that date. The ten years would have expired May 1st, 1885. and John Ceils died in April, 1884. The amount of the policy was $1,500. In 1883, John Ceils, was a collector for the defendants in their business as b: ewers, and was behind in his returns to the amount of at least $1,800. On the 5th of December, 1883, he assigned his policy to the defendants as security for the payment of this sum. This assignment was made with the knowledge of the plaintiff. By the death of the husband, before the ten years expired, the assignment became of no use, as by its terms in such a contingency, and it belonged to the wife solely. On the 11th day of April, 1884, and after the death of her husband, the plaintiff assigned her policy to the defendants and endorsed the check subsequently to them, and they collected the money. The only question upon the trial was one of fact. The plaintiff says she did not know that she was transferring the money to become due her under the policy. On the other hand, proof was given by the defendants’ bookkeeper, Green, and by Beadlestone, one of the defendants, tending to show that the assignment was written in her presence, and that it was read to her, and she stated that she was willing to do anything to enable the defendants to get the amount of the policy, as her husband had intended to give it to them. The question went to the jury to determine the fact, and the verdict was to the effect that the assignment was undisputably made. The case is one where the finding is supported by the evidence, but, if it were doubtful, the finding would not be reversed on appeal. The exceptions taken in the trial do not call for a reversal. A written agreement between the plaintiff’s husband and the defendants. acknowledged the debt due the defendants from the husband. The debt was a subject of conversation when the assignment was given, and then the wife stated she knew all about it. It was a part of the transaction as to which the investigation related, and it culminated in the assignment No consideration other than a full and understanding ass'gnment with intent to transfer the title was necessary. Ordinarily when an assignment is made to pay a debt it is material to show there was no consideration upon which to base the assignment. Really no issue was made upon the statements made by plaintiff accompanying the assignment, and it would be no defense to show this property has been received by defendants from plaintiff’s husband and not accounted for. She did not deny that she stated when the assignment was made that she gave it so as to pay her husband’s debt. The amount of it as claimed and was stated to her and that the assignment was made thereon as found by the jury. An accounting between the husband and the defendants would not be a destruction of a good assignment in this action. The assignment should, therefore. be affirmed, with costs.
Pratt and Dykman, JJ-. concur